UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WILLIAM Y. JONES, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 4:07-CV-1048-CDP |
| ALBERTO R. GONZALEZ, | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court upon the application of Williams Y. Jones for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1].

## Background

On February 21, 1996, petitioner pleaded guilty to conspiracy to distribute over five kilograms of cocaine and was sentenced to 276 months imprisonment. See United States v. Jones, No. 4:95-CR-246-CDP (E.D. Mo.).[1] Petitioner's conviction was affirmed on direct appeal. See United States v. Jones, 111 F.3d 597, 599 (8th Cir. 1997). Petitioner subsequently sought, but was denied, relief pursuant to 28 U.S.C. § 2255. See Jones v. United States, No. 4:98-CV-1080-CDP (E.D. Mo.). The Eighth Circuit Court of appeals denied petitioner a certificate of appealability. See Jones v. United States, No. 00-1800 (8th Cir, July 6, 2000). Additionally, petitioner brought a "Habeas Corpus Petition Pursuant to 28 U.S.C. § 451, et seq. (1940)." Jones v. Unknown Warden, No. 4-06-CV-193-CDP (E.D. Mo.). This petition was dismissed. The Eighth Circuit Court of Appeals affirmed the dismissal of this habeas corpus petition. Jones v. Unknown Warden, No. 06-

---

[1] Although the Honorarble George F. Gunn, Jr. was the presiding judge in the criminal case, the case was reassigned to the undersigned by Order dated November 10, 1998.

3296 (8th Cir., Dec. 19, 2006).

**The petition**

In the instant action, petitioner seeks relief pursuant to 28 U.S.C. § 2241. Petitioner claims (1) that he has committed no crime because Public Law 80-772 and 18 U.S.C. § 3231 are unconstitutional and void; and (2) the Court violated the separation of powers doctrine.

**Discussion**

Because petitioner is challenging the constitutionality of his conviction and sentence, he may not proceed under 28 U.S.C. § 2241. A writ of habeas corpus may issue under § 2241 only if it appears that remedy by § 2255 motion is inadequate or ineffective. United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). A § 2255 motion is not inadequate merely because the one-year statute of limitations has expired or because a Court has denied a previously-filed § 2255 motion. Id. at 1077-78 (citations omitted). Accordingly, the instant petition for a writ of habeas corpus pursuant to § 2241 must be denied.

While a Court may re-characterize a pro se litigant's action "to avoid an unnecessary dismissal" or "to create a better correspondence" between the substance of the action and its underlying legal basis, see Castro v. United States, 540 U.S. 375, 381-82, 124 S.Ct. 786, 791-92 (2003), petitioner previously sought - and was denied - relief pursuant to § 2255. The AEDPA amended 28 U.S.C. § 2255 to provide that a "second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals" to contain either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the

applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." There is no indication that petitioner has sought or received permission to bring a second or successive § 2255 motion in this Court. Therefore, this Court will not re-characterize the instant action as one seeking relief pursuant to § 2255.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **DISMISSED**, with prejudice.

An appropriate order of dismissal will accompany this memorandum and order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 29th day of August, 2007.